UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WINCO HOLDINGS, INC.,<br><br>    Defendant. | No. 2:23-cv-02024-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendant WinCo Holdings, Inc.'s ("Defendant") Motion to Dismiss, or in the alternative, Motion to Stay. (ECF No. 13.) Plaintiff Hugo Gomez ("Plaintiff") filed an opposition, and Defendant filed a reply. (ECF Nos. 15, 18.) For the reasons set forth below, the Court DENIES Defendant's Motion to Dismiss and GRANTS Defendant's Motion to Stay.

///
///
///
///
///
///
///

1

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

      A.      <u>The Instant Action</u>

This class action arises out of Defendant's purported failure to provide its non-exempt employees with wages, meals, rests, and other requirements mandated by California law. Defendant is a supermarket chain based in Boise, Idaho, and operates grocery stores across the United States with a distribution warehouse in Modesto, California. (ECF No. 1 at 25.) Plaintiff worked for Defendant at its Modesto distribution center as a non-exempt employee until May 1, 2023.[1]  (*Id.* at 26.)

During his employment with Defendant, Plaintiff alleges Defendant committed a series of California Labor Code[2] violations, including:
- failing to pay overtime wages for shifts longer than eight hours a day or workweeks longer than forty hours;
- failing to pay minimum wages for all hours worked;
- failing to provide timely and adequate meal and rest periods;
- failing to provide complete and accurate earnings statements;
- failing to timely pay final wages upon separation from Defendant;
- failing to provide a safe and healthful workplace by exposing employees to radiation emissions and excessive heat;
- failing to provide written descriptions of quotas; and
- failing to notify employees of alternative workweek schedules and to provide accurate wages for the alternative workweeks.[3]

(ECF No. 1 at 29–33.)  According to Plaintiff, these violations occurred as a direct result of Defendant's policies and practices.  (*Id.* at 25.)  For example, Plaintiff alleges Defendant had a company-wide policy of discouraging non-exempt employees from "recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue."  (*Id.* at 29.)

---

[1]     The Complaint does not specify when Plaintiff began working for Defendant.

[2]     All further unspecified statutory references are to the California Labor Code.

[3]     Plaintiff alleges Defendant mandated certain alternative workweeks, meaning Plaintiff and other employees would work four days a week for ten hours each day. (ECF No. 1 at 32.)

Plaintiff commenced this class action in the Stanislaus County Superior Court in August 2023, alleging ten causes of action for the purported labor code violations: (1) failure to pay overtime wages in violation of §§ 510 and 1198; (2) failure to pay wages in violation of §§ 1182, 1194, 1197, and 1198; (3) failure to provide meal periods in violation of §§ 226.7, 512, 516, and 1198; (4) failure to provide rest periods in violation of §§ 226.7, 516, and 1198; (5) failure to comply with § 6300 et seq. (California Occupational Safety and Health Act of 1973); (6) failure to timely furnish accurate itemized wage statements in violation of § 226(a); (7) waiting time penalties pursuant to §§ 201 and 203; (8) a violation of §§ 2100 – 2104; (9) failure to pay wages for alternative workweeks in violation of § 511; and (10) violations of California Business & Professions Code § 17200 et seq. (unfair competition). (ECF No. 1 at 24.) Defendant timely removed the action to this Court (ECF No. 1), and subsequently filed the instant motion to dismiss, or in the alternative, stay the instant action pending resolution of an earlier filed action alleging the same or similar claims (ECF No. 13). Plaintiff filed an opposition (ECF No. 15), and Defendant filed a reply (ECF No. 18).

      B.  The *Garza* Action

Everardo Garza, Jr. ("Garza") worked as a non-exempt employee for Defendant in Modesto, CA. *See Garza, Jr. v. WinCo Holdings, Inc.*, Case No. 1:20-cv-01354-TLN-DB, (ECF No. 2 at 24). Like Plaintiff, Garza alleges Defendant committed several labor code violations pursuant to company policy. (*Id.* at 24–30.) In August 2020 — three years before the instant action was commenced — Garza initiated a class action[4] in the Stanislaus County Superior Court against Defendant, alleging seven causes of action: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) violations of rest periods; (4) failure to provide accurate itemized wage statements; (5) wait time penalties; (6) unfair competition; and (7) civil penalties under the Labor Code Private Attorneys General Act of 2004 (§ 2698 et seq.). (*Id.* at 22.) Defendant

---

[4]   The classes included: (1) all non-exempt employees who work or worked for Defendant in California in any of its facilities during the four years immediately preceding the filing of the complaint through the date of trial; and (2) all class members who separated their employment with Defendant during the three years immediately preceding the filing of the complaint through the date of trial. *See Garza, Jr. v. WinCo Holdings, Inc.*, Case No. 1:20-cv-01354-TLN-DB, (ECF No. 2 at 30).

1  removed the action to this Court and twice moved to dismiss the complaint under Federal Rule of
2  Civil Procedure 12(b)(6).  (*Id.* at ECF Nos. 2, 7, 26.)  The Court granted each of Defendant's
3  motions to dismiss (*id.* at ECF Nos. 24, 44), and Garza, now on his second amended complaint,
4  realleges all causes of action except his first cause of action for failure to pay overtime wages (*id.*
5  at ECF No. 47).  Defendant now moves to dismiss the second amended complaint for failure to
6  state a claim and requests the Court dismiss with prejudice.  (*Id.* at ECF No. 48.)  Garza filed an
7  opposition, and Defendant filed a reply.  (*Id.* at ECF Nos. 53, 56.)

   On March 7, 2024, the Court found the *Garza* action, and several other cases pending in
this Court, to be related to the instant action under Local Rule 123(a).  (*Id.* at ECF No. 60.)

**II.   FIRST-TO-FILE RULE**

Defendant argues the Court should dismiss the instant action under the first-to-file rule in light of the earlier filed *Garza* action.  (ECF No. 13-1 at 10.)

   A.   Standard of Law

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).  In applying the first-to-file, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citation omitted).

   B.   Analysis

Defendant contends "the application of the first-to-file rule supports dismissal of this [a]ction" because: (1) the *Garza* action was filed first; (2) Defendant is the sole defendant in both actions and therefore the parties are similar; and (3) there is a complete overlap of the issues in the instant action and the *Garza* action.  (ECF No. 13-1 at 10–11.)  In opposition, Plaintiff argues the third prong of the first-to-file rule — similarity of the issues — "is not met because the

1  workplace safety claims [in the instant action] are unique and have not been pled" by the plaintiff
2  in the *Garza* action. (ECF No. 15 at 9.) Plaintiff further contends "there is no risk of inconsistent
3  judgments or inefficient litigation" because his workplace safety claims are unique. (*Id.* at 10.)
4        The Court finds the first-to-file rule does not apply here. Although all three factors of the
5  first-to-file rule might be met, Defendant overlooks one crucial aspect of the doctrine — it only
6  applies when two actions are pending in *different* federal courts. *See, e.g.*, *Pacesetter Sys., Inc. v.*
7  *Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982) (one action pending in the Southern District of
8  Florida and another in the Central District of California); *Kohn L. Grp., Inc.*, 787 F.3d at 1239
9  (one action pending in the Northern District of Mississippi and another in the Central District of
10 California); *Alltrade, Inc.*, 946 F.2d at 624 (one action pending in the Southern District of Florida
11 and another in the Central District of California). As noted above, the purpose of the first-to-file
12 rule is to conserve judicial resources and avoid conflicting rulings. *Church of Scientology of*
13 *California*, 611 F.2d at 750; *Pacesetter Sys., Inc.*, 678 F.2d at 95. The instant action and the
14 *Garza* action are not only pending before the same court but have been related and are pending
15 before the same district judge. Thus, the risk of inconsistent rulings or wasting judicial resources
16 is low. In any event, Defendant fails to cite any authority for the application of the first-to-file
17 rule when two cases are pending before the same court, let alone the same judge.
18       Accordingly, the Court DENIES Defendant's motion to dismiss pursuant to the first-to-
19 file rule.
20       **III.**    **MOTION TO STAY**
21       Alternatively, Defendants contend the Court should stay the instant action pending
22 resolution of the *Garza* action. (ECF No. 13-1 12–13.)
23       A.    <u>Standard of Law</u>
24       "A district court has [the] inherent power to control the disposition of the causes on its
25 docket in a manner which will promote economy of time and effort for itself, for counsel, and for
26 litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Where it is proposed that a
27 pending proceeding be stayed, the competing interests which will be affected by the granting or
28 refusal to grant a stay must be weighed." *Id.*

5

> Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

B.  Analysis

Defendant contends all factors weigh in favor of staying the instant action pending resolution of the *Garza* action. (ECF No. 13-1 at 13.) Specifically, Defendant argues: (1) a stay will not prejudice Plaintiff; (2) requiring Defendant to defend the instant action when there is a substantially similar action pending will prejudice Defendant; and (3) allowing the instant action to proceed while the *Garza* action continues will complicate and confuse issues, proof, and questions of law. (*Id.* at 13–14.) Plaintiff does not specifically address these arguments but argues the Court "should deny Defendant's motion to dismiss and simply stay this case." (ECF No. 15 at 11.)

Because the parties appear to agree that this case should be stayed pending resolution of the *Garza* action, the Court finds the competing interests weigh in favor of staying the instant action.

Accordingly, the Court GRANTS Defendant's motion to stay.[5]

///
///
///
///
///
///
///

---

[5] Because the Court grants Defendant's motion to stay, the Court declines to address Defendant's other arguments concerning the merits of Plaintiff's claims. (*See* ECF No. 13-1 at 15–20.)

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss and GRANTS Defendant's Motion to Stay.  (ECF No. 13.)  All further proceedings in the instant action are hereby STAYED until further Order of this Court.  The parties are instructed to notify the Court of their intentions to lift the stay in this case pending resolution of *Garza, Jr. v. WinCo Holdings, Inc.*, Case No. 1:20-cv-01354-TLN-DB, and Defendant shall indicate how it wishes to proceed on the remaining arguments in its motion (ECF No. 13).

IT IS SO ORDERED.

Date: June 28, 2024

Troy L. Nunley
United States District Judge